UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-514-MOC-DSC

| | |
|---|---|
| AVADIS AVADIS, et al., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SOUHEIL ANTHONY AZAR, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss Plaintiff's Amended Complaint, for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendants Jalal John Azar, Souheil Anthony Azar, and Ron Bates. (Doc. No. 59).

## I. BACKGROUND

In the Amended Complaint, Plaintiffs allege a single claim—a civil RICO action—against Defendants. (Doc. No. 59). On January 11, 2002, Defendants filed the pending motion to dismiss the Amended Complaint. Plaintiff has responded in opposition to the motion to dismiss, and Defendants have filed a Reply. (Doc. Nos. 61, 63). Furthermore, the Court held a hearing on the motion to dismiss on June 13, 2022.¹ Thus, this matter is ripe for disposition.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule

---

¹ Plaintiff's counsel indicated at the hearing on the motion to dismiss that Plaintiff may file a motion to amend the Complaint. To date, no such motion has been filed.

1

12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the Rule 12(b)(6) motion to dismiss at this time.

### III. CONCLUSION

Defendants' motion to dismiss is denied pending further development of the record.

2

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss the Amended Complaint, (Doc. No. 59), is **DENIED**.

Signed: July 26, 2022

Max O. Cogburn Jr.
United States District Judge

3

Case 3:21-cv-00514-MOC-DSC   Document 74   Filed 07/26/22   Page 3 of 3