# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:21-cv-514-MOC-DSC

| | | |
|---|---|---|
| AVADIS AVADIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SOUHEIIL ANTHONY AZAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on a Motion for Leave to Appeal to Amend Order to Certify Issue for Interlocutory Appeal and for Reconsideration (Doc. No. 76), filed by Defendants Souheil Anthony Azar ("Tony Azar"), Jalal John Azar ("John Azar"), and Ron Bates ("Bates).

## I.      BACKGROUND

On September 28, 2021, Plaintiffs filed their initial Complaint in this litigation. (Doc. No. 1). On November 24, 2021, Defendants—along with several other then-defendants—filed a motion to dismiss the Complaint. (Doc. Nos. 50, 52). On December 11, 2021, Plaintiffs filed an Amended Complaint. (Doc. No. 55). Thereafter, on January 11, 2022, Defendants filed a motion to dismiss the Amended Complaint, along with a supporting memorandum of law. (Doc. No. 59; Doc. No. 60). On January 25, 2022, Plaintiffs opposed Defendants' motion to dismiss the Amended Complaint. (Doc. No. 61). On February 4, 2022, Defendants filed their reply to the motion to dismiss the Amended Complaint. (Doc. No. 63). On June 13, 2022, the Court heard oral argument on Defendants' motion to dismiss the Amended Complaint.

Case 3:21-cv-00514-MOC-DSC   Document 81   Filed 09/06/22   Page 1 of 9

On July 26, 2022, the Court denied Defendants' motion to dismiss the Amended Complaint, finding that "given the lenient pleading standards of Iqbal and Twombly, the Court will deny the Rule 12(b)(6) motion to dismiss at this time." (Doc. No. 74 at 2). Defendants filed the pending motion, seeking both reconsideration and an interlocutory appeal.

Defendants ask the Court to reconsider whether Plaintiff adequately pleaded their claims against Defendants John Azar and Ron Bates based on the same argument made in the motion to dismiss. (Doc. No. 77 (the "Defs.' Br.") 10–11). Defendants further argue that the Court should grant Defendants leave to file an interlocutory appeal because—according to Defendants—"the statutory criteria are met: the decision turns on a controlling question of law, there is a substantial ground for a difference of opinion, and an immediate appeal would materially advance the ultimate termination of this litigation." (Defs. Br. 6).

### A. Plaintiffs' Allegations

In the Amended Complaint, Plaintiffs brought causes of action against Defendants for numerous violations of 18 U.S.C. § 1962 ("RICO"). (Am. Comp., ¶¶ 204–79). Plaintiffs allege that Defendants formed an enterprise to perpetrate fraud through, inter alia, creation of numerous fraudulent offers of investments and subsequent actions by Defendants to conceal such fraud. (Id., ¶¶ 1–4). Plaintiffs allege they invested millions of dollars with Defendants, but Plaintiffs did not receive the promised equity in the various entities that Plaintiffs invested in, the distributions Plaintiffs were entitled to from those entities, or any other benefit. (See generally, Am. Compl.). Plaintiffs allege that Defendants stole the distributions and the equity and divested Plaintiffs of their ownership interests. (See generally, Am. Compl.).

### II. STANDARDS OF REVIEW

### A. Motion to Reconsider

"The Federal Rules of Civil Procedure do not specifically contain a 'motion for reconsideration.' Such motions, however, are allowed in certain, limited circumstances." Underdue v. Wells Fargo Bank, N.A., No. 3:14-CV-00183-RJC, 2019 WL 8016720, at *1 (W.D.N.C. Oct. 11, 2019) (quoting Wiseman v. First Citizens Bank & Tr. Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003)). "A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp., 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005). "Such problems rarely arise and the motion to reconsider should be equally rare." Wiseman, 215 F.R.D. at 509 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). "An improper use of the motion to reconsider can waste judicial resources and obstruct the efficient administration of justice." United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C. 2003) (quotation marks omitted) (quoting Fidelity State Bank v. Oles, 130 B.R. 578, 581 (D. Kan. 1991)). Thus, "[i]t is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through – rightly or wrongly." Wiseman, 215 F.R.D. at 509 (quotation marks omitted).

### B. Motion to Certify Order for Interlocutory Appeal

Certification of a matter for interlocutory appeal under 28 U.S.C. § 1292(b) is an "extraordinary remedy" that should be used sparingly. Martin v. Garrett, No. 1:17-CV-350-MOC-WCM, 2020 WL 4700717, at *1 (W.D.N.C. Aug. 13, 2020) (citing Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989)). "Interlocutory appeals are an exception to the deep-rooted rule limiting appeals to final judgments and, therefore, are appropriate only in rare circumstances." Id. Certification of an interlocutory appeal requires exceptional circumstances that justify a

3

departure from the basic policy limiting appellate review to final judgments. Id. (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); Manion v. Spectrum Healthcare Res., 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (noting that interlocutory appeals pursuant to § 1292(b) are a "rare exception to the final judgment rule that generally prohibits piecemeal appeals") (internal quotations omitted).)

To meet the high standard to pursue an interlocutory appeal, the moving party has the burden of meeting all of the following three elements set out in the statute: (1) that the certified issue involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Id. (citing 28 U.S.C. § 1292(b)).

Courts have the inherent authority to reconsider and revise any interlocutory order. Burrell v. Bayer Corp., 260 F. Supp. 3d 485, 490 (W.D.N.C. 2017) (citing Beyond Sys., Inc. v. Kraft Foods, Inc., No. CIV.A. PJM-08-409, 2010 WL 3059344, at *1 (D. Md. Aug. 4, 2010) ("reconsideration of an interlocutory order is within the plenary powers of the Court and can be made 'as justice requires.'") (7 James Wm. Moore et al., Moore's Federal Practice ¶ 60.20 (2d ed. 1966))). In deciding a motion to reconsider an interlocutory decision, "district courts in the Fourth Circuit generally look to Rule 59(e)'s standards for guidance." Id. (internal citations omitted). Under that standard, the Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Id. (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).

III.     DISCUSSION

4

Here, Defendants do not point to any change in controlling law or any newly obtained evidence. They merely argue that the allegations in the Amended Complaint—which the Court held were sufficient to meet "the lenient pleading standards of Iqbal and Twombly"—are not in fact sufficient as they are pleaded in "conclusory fashion" and "there can be no doubt that Avadis' threadbare allegations as to John Azar and Ron Bates do not plausibly allege" Plaintiffs' claims. (Def.'s Br. 10, 11). Defendants' argument falls well short of what is required to meet the burden on a motion to reconsider. Hill v. McCrory, No. 116CV00259MOCDLH, 2016 WL 4370048, at *2 (W.D.N.C. Aug. 12, 2016) ("[T]he court finds that Plaintiff cannot succeed on his Motion for Reconsideration because he has simply reasserted the same reasons articulated in his prior Motion for a TRO (#3) and now hopes for a different result."). A motion to reconsider is improper when it "merely asks the court to rethink what the Court has already thought through— rightly or wrongly" as Defendants do here. Burrell v. Bayer Corp., 260 F. Supp. 3d 485, 490 (W.D.N.C. 2017).

**A. The Denial of Defendants' Motion to Dismiss Does Not Involve a Controlling Question of Law.**

Moreover, whether Plaintiffs stated sufficient allegations to meet the pleading standard is not a controlling issue of law. The Fourth Circuit has made clear that "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Martin v. Garrett, No. 1:17-CV-350-MOC-WCM, 2020 WL 4700717, at *2 (W.D.N.C. Aug. 13, 2020) (citing Fannin v. CSX Transp., Inc., 1989 WL 42583, at *5 (4th Cir. 1989).) "An appeal that would require the court to delve into the facts of the case is not well-suited for interlocutory review." Id. (citing Weaver Cooke Constr., LLC v. Stock Bldg. Supply,

5

LLC, No. 5:14-CV-475-BR, 2014 WL 5307501, at *2 (E.D.N.C. Oct. 16, 2014); Long v. CPI Sec. Sys., Inc., No. 3:12–cv–396, 2013 WL 3761078, at *2 (W.D.N.C. July 16, 2013) (stating that a controlling question of law is one which an appeals court can "decide cleanly and quickly"))). Even where the question presented is a legal one, if resolution of that issue is rooted in the facts of a particular case, the question is not proper for interlocutory review. Id. (citing Fannin, 1989 WL 42583, at *5 (expressing reluctance to evaluate legal questions "heavily freighted with the necessity for factual assessment" on interlocutory appeal)).

The question that Defendants ask the Court to certify for interlocutory appeal is whether Plaintiffs sufficiently pleaded the elements of their RICO claims. In other words, Defendants contend that the factual allegations are pleaded in a "conclusory fashion," are "threadbare," and "do not plausibly allege" the elements of the claims. This is not the type of "narrow question of pure law" that would warrant an interlocutory review.[1] Martin, 2020 WL 4700717, at *2.

**B. There Is No Substantial Ground for Difference in Opinion as the Defendants Believe that the Law is Clear but that the Court Failed to Properly Interpret the Law.**

Defendants also fail to show the existence of substantial grounds for difference of opinion on the issue they ask this Court to certify—whether Plaintiffs' claims were sufficiently pleaded. "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." Martin, 2020 WL 4700717, at *2 (quoting Randolph v. ADT Sec. Servs., Inc., No. CIV.A. DKC 09-1790, 2012 WL 273722, at *6 (D. Md. Jan. 30, 2012) (citing McDaniel v. Mehfoud, 708 F. Supp. 754, 756 (E.D. Va. 1989), appeal dismissed, 927 F.2d 596 (4th Cir. 1991)).) "In other words, for interlocutory appeals, it matters

---

[1] To this extent, the Court agrees with Plaintiffs that Defendants' reliance on In re Am. Honda Motor Co., Inc. Dealerships Rels. Litig., 958 F. Supp. 1045 (D. Md. 1997) is misplaced.

not whether the lower court simply got the law wrong, but whether courts themselves disagree as to what the law is." Id. (quoting In re Nichols, No. TDC-14-0625, 2014 WL 4094340, at *3 (D. Md. Aug. 15, 2014) (internal quotations omitted)).

A "simple disagreement between courts will not merit certification." Cooke–Bates v. Bayer Corp., No. 3:10cv261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010). A substantial ground for disagreement may arise if there is a "novel and difficult issue of first impression," or if there is a circuit split and the controlling circuit has not commented on the conflicting issue. Id. However, the mere fact that an issue is one of first impression or that there is a lack of unanimity is not enough to meet this prong. Wyeth v. Sandoz, Inc., 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010). Moreover, differences in opinion among district courts outside the governing circuit do not support nor require a finding of substantial grounds. See Cross v. Suffolk City Sch. Bd., No. 2:11cv88, 2011 WL 2838180, at *3 n.1 (E.D. Va. July 14, 2011) (finding that "four cases from three district courts outside the Fourth Circuit do not persuade this court that there is a substantial ground for difference of opinion").

Defendants do not point to any difference of opinion between the courts as to what is sufficient to allege RICO claims. As a failure to demonstrate any one element of 28 U.S.C. § 1292(b) is fatal, failure to meet the second element is in itself fatal to Defendants' motion. Martin, 2020 WL 4700717, at *1.

**C. Immediate Appeal Would Not Materially Advance the Ultimate Termination of the Litigation.**

Finally, Defendants also fail to show that an interlocutory appeal would materially advance this litigation to its ultimate termination. "Generally, this requirement is met when resolution of a controlling legal question would serve to avoid a trial or otherwise substantially

7

shorten the litigation." <u>Clark Constr. Grp., Inc. v. Allglass Sys., Inc.</u>, No. CIV.A. DKC 2002-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005) (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930, at 432 (2nd ed. 1996)). "The mere fact that [certification] may save pre-trial and trial effort and expense," however, "is not determinative . . . ." <u>Fannin</u>, 1989 WL 42583, at *5 (citation omitted). Indeed, such speculative savings "can be said of any interlocutory appeal." <u>Id.</u> An immediate appeal is not likely to promote judicial efficiency. In fact, it is more likely that an immediate appeal would delay the ultimate termination of this litigation and result in a waste of judicial resources.

Here, Defendants argue that "resolution of the pattern question would necessarily eliminate the need for trial or costly discovery—materially advancing the termination of litigation." (Defs. Br. at 9). However, the speculative "fact that [certification] may save pre-trial and trial effort and expense," "can be said of any interlocutory appeal" and it is therefore insufficient on its own to permit an interlocutory appeal. <u>Id.</u> Defendants have not pointed to any other basis as to how an interlocutory appeal could otherwise advance the ultimate termination of this litigation. For this additional reason, the motion will be denied.

IV.    CONCLUSION

For the reasons stated herein, the Court will deny Defendants' Motion for Leave to Appeal to Amend Order to Certify Issue for Interlocutory Appeal and for Reconsideration.

**ORDER**

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to Appeal to Amend Order to Certify Issue for Interlocutory Appeal and for Reconsideration (Doc. No. 76), is **DENIED**.

8

Signed: September 5, 2022

Max O. Cogburn Jr
United States District Judge

9