# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| AVADIS AVADIS, TOTAL SOLUTIONS PROPERTY MANAGEMENT LLC and AA TOTAL SOLUTIONS LLC,<br><br>**Plaintiffs,**<br><br>v.<br><br>SOUHEIL ANTHONY AZAR, JALAL JOHN AZAR and RON BATES<br><br>**Defendants.** | **CASE NO. 3:21-cv-00514-MOC-DSC** |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Avadis Avadis, Total Solutions Property Management, LLC, and AA Total Solutions, LLC, ("Plaintiffs"), and Defendants Souheil Anthony Azar, Jalal John Azar, and Ron Bates ("Defendants") (Plaintiffs and Defendants collectively referred to as the "Parties"), stipulate and agree to the following pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. The Parties have been and will continue to be engaged in discovery in this case. In the course of such discovery, the Parties expect to produce sensitive and/or confidential documents and information. The Parties therefore stipulate and jointly move for the entry of this Protective Order.

2. **Scope.** This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, data compilations, electronically stored information, computer disks, objects or things, deposition testimony, affidavits, interrogatory/ request for admission responses, or any other media on which information is recorded, and any copies, excerpts or summaries thereof, obtained by any Party pursuant to the requirements of any court order, request for production of documents, request for admissions, interrogatory, or

subpoena (collectively, "Discovery Materials").  This Order does not affect any person's or entity's use of its own information or documents, nor does it affect the use of any information or documents at trial.

3. **"Confidential" Material Defined; "Highly Confidential - Attorney's Eyes Only" Material Defined.**  For the purposes of this Order, Discovery Materials may be designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only" pursuant to Paragraph 4 of this Order.  A Designating Party may designate as "Confidential" any discovery material it reasonably and in good faith believes to contain confidential business information and/or sensitive financial information.  A Designating Party may designate as "Highly Confidential - Attorney's Eyes Only" any discovery material it reasonably and in good faith believes to contain trade secret, highly confidential business information, and/or highly sensitive personal information, including but not limited to trade secret or financial information which could cause the Designating Party and/or third parties harm if revealed.  Designating Parties may also redact sensitive personal identifying information, including but not limited to social security numbers/TINs, dates of birth, addresses, telephone numbers, bank, or financial account numbers.

For the purposes of this Order, a "Designating Party" means any Plaintiff or Defendant in this action, or any third-party to this action who agrees to abide by the terms of this Protective Order.

For the purposes of this Order, "Designated Material" means any material that meets the definition of "Confidential" or " Highly Confidential - Attorney's Eyes Only " under this Order, and that has been so designated by any Designating Party.

4. **Use of Material Designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only."**  Unless otherwise expressly permitted by this Court or by express written

agreement of the Parties, information designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" shall be used solely for the preparation, trial, and appeal of this action, and shall not be used for any other purpose, including, but not limited to, any other litigation or judicial proceedings, or any business, competitive, or commercial purpose or function.

5. **<u>Procedure For Designating Material</u>.** A Designating Party shall designate "Confidential" or " Highly Confidential - Attorney's Eyes Only" material in the following manners**:**

    a. In the case of documents or other written materials, including non-natively produced electronic documents, by affixing the word "Confidential" or "Highly Confidential - Attorney's Eyes Only" by stamp or other method which will make such word conspicuous to each page of the document the Designating Party wishes to designate. All documents produced or disclosed during discovery in this Litigation shall be identified by Bates number and, to the extent practical, the appropriate designation shall be placed near the Bates number. The impracticality or inadvertent failure to designate each page of a document as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to this paragraph shall not constitute a waiver of the confidential nature of the document or page(s).

    b. To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic, magnetic or other computer readable media) or documents produced in native format ("computerized material"), including but not limited to information produced on a hard drive, cd-rom, dvd-rom, thumb drive, or other electronic media ("medium of production"), a Party must designate such information by providing written notice to all Parties requesting production identifying the material being designated as

"Confidential" or "Highly Confidential - Attorney's Eyes Only." To the extent possible, the Designating Party shall also label the medium of production with the appropriate designation. However, any failure or inability to affix such label to the medium of production shall not waive any protection provided by this Order.

    c. In the case of written discovery or pleadings, by affixing the word or phrase "Confidential" or "Highly Confidential - Attorney's Eyes Only" by stamp or other method to the portions so designated.

    d. In the case of deposition testimony, by designating testimony as "Confidential" or "Highly Confidential - Attorney's Eyes Only" on the record at the deposition or within 30 days of receiving the deposition transcript by notifying the Parties those who were present at the deposition.

6. **Permissible Disclosures of "Confidential" Material.** Except as otherwise agreed in writing by the Designating Party or as ordered by the Court, material designated as "Confidential" may be disclosed to and used only by:

    a. counsel of record for the Parties in this case and his/her partners, associates, secretaries, legal assistants, employees, and litigation support vendors to the extent reasonably necessary to render professional services in this case;

    b. the Court or the jury at trial or as exhibits to motions;

    c. court officials involved in this case (including court reporters and persons operating video recording equipment at depositions);

    d. the author of the document and each recipient of a copy of the document, only insofar as the author or recipient is identified on the face of the document;

4

Case 3:21-cv-00514-MOC-DSC    Document 86    Filed 12/20/22    Page 4 of 14

  e. the Parties in this case and any employees of the Parties to this case only to the extent the employee(s) is one necessary to the prosecution;

  f. subject to the conditions below, any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

  g. subject to the conditions below, persons in this case noticed for depositions or designated as trial witnesses, only to the extent reasonably necessary in order to conduct the examination of such person or to prepare such person to testify;

  h. subject to the conditions below, outside consultants or outside experts in this case, including their support personnel, retained for the purpose of assisting counsel of record or inside counsel of the Parties in this case or to serve as an expert witness in this case; and

  i. subject to the conditions below, any mediator in this case.

The Parties shall obtain from any individual to whom disclosure is to be made under subparagraphs (f) through (i) above a signed Acknowledgement of Protective Order, attached hereto as **Exhibit A**, prior to such disclosure. Counsel providing access to such material shall retain copies of the executed Acknowledgement(s) and shall produce such Acknowledgement(s) to the Parties upon request.

  7. **<u>Permissible Disclosures of "Highly Confidential – Attorney's Eyes Only" Material</u>.** Except as otherwise agreed in writing by the Designating Party or as ordered by the Court, material designated as "Highly Confidential - Attorney's Eyes Only" may be disclosed to and used only by:

5

Case 3:21-cv-00514-MOC-DSC   Document 86   Filed 12/20/22   Page 5 of 14

a. counsel of record for the Parties in this case and his/her partners, associates, secretaries, legal assistants, employees, and litigation support vendors to the extent reasonably necessary to render professional services in this case;

b. the Court or the jury at trial or as exhibits to motions;

c. court officials involved in this case (including court reporters and persons operating video recording equipment at depositions);

d. the author of the document and each recipient of a copy of the document, only insofar as the author or recipient is identified on the face of the document;

e. subject to the conditions below, any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

f. subject to the conditions below, persons in this case noticed for depositions or designated as trial witnesses, only to the extent reasonably necessary in order to conduct the examination of such person or to prepare such person to testify;

g. subject to the conditions below, outside consultants or outside experts in this case, including their support personnel, retained for the purpose of assisting counsel of record or inside counsel of the Parties in this case or to serve as an expert witness in this case; and

h. subject to the conditions below, any mediator in this case.

The Parties shall obtain from any individual to whom disclosure is to be made under subparagraphs (e) through (h) above a signed Acknowledgement of Protective Order, attached hereto as **Exhibit A**, prior to such disclosure. Counsel providing access to such material shall retain copies of the executed Acknowledgement(s) and shall produce such Acknowledgement(s) to the Parties upon request.

6

**Under no circumstances shall an attorney representing a non-producing party share with his or her client any documents designated as "Attorney's Eyes Only," unless and until the Designating Party agrees in writing or as otherwise ordered by the Court.**

8. **<u>Inadvertent Disclosures</u>.**

    a. The Parties agree that in the event the producing Party or other person inadvertently fails to designate materials hereunder, it may make such a designation subsequently by notifying all persons and Parties to whom such materials were produced, in writing, within thirty days of the producing Party first discovering such inadvertent disclosure. In no event, however, may a producing Party or other person designate or re-designate inadvertently produced materials within thirty days prior to trial. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated materials as "Confidential" or "Highly Confidential Attorney's Eyes Only" material, subject to their right to dispute such designation in accordance with Paragraph 9. The receiving Party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notification.

    b. With regard to privileged information or documents, nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a Designating Party to seek relief for an inadvertent disclosure of matter protected by privilege or work product protection. If a Designating Party inadvertently produces matter that it in good faith later asserts to be privileged or otherwise protected from disclosure, the production of that matter will not constitute a waiver of any applicable privileges or other

7

protection, provided the Designating Party complies with this paragraph. In such circumstances, the Designating Party must, promptly after discovery of the inadvertent production, notify in writing all Parties to the Action in which the matter was inadvertently produced of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter. Upon such notification, the receiving Parties shall treat the matter as privileged or protected unless and until the Designating Party agrees otherwise in writing or the Court determines the matter is not privileged or protected. Within five business days of receiving such notification, all non-Designating Parties shall (a) return the matter to the Designating Party; or (b) confirm in writing to the Designating Party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal matter claimed to be privileged or protected, or (c) notify the Designating Party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the last event only, the non-Designating Party may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the Designating Party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include, communicate or reveal matter claimed to be privileged or protected. Should the Parties be unable to agree on whether the matter is privileged or protected, the Designating Party shall file a motion with the Court within fifteen days of its receipt of the receiving Party's

8

notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the non-Designating Party. In no event shall production of any privileged information be deemed a waiver of privilege regarding any other information.

9. **<u>Designations of Material in Filings and at Trial</u>.** Without written permission from the Designating Party or a court order, if a non-Designating Party intends to file Designated Material with the Court, the filing Party must file a motion seeking to file the Designated Material under seal in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of North Carolina. It is understood by the Parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents. The fact that Designated Materials have been designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only" shall not constitute dispositive proof that the Materials in fact contain confidential information entitled to protection from disclosure under law.

Nothing in this Order shall be construed to limit the evidence that any Party may offer at hearing or at trial, nor shall it be construed to limit any claim or defense of any Party.

10. **<u>Relief From Protective Order</u>.** Any Party may at any time request, in writing, from any Designating Party the removal of a designation of documents, material, information, or things as "Confidential" or "Highly Confidential - Attorney's Eyes Only." Upon receipt of such request, the Parties shall confer in good faith as to the status of the subject information. If the Parties are unable to agree upon the status of the subject information, any Party may, upon

9

reasonable notice to the opposing Party's counsel, move for an order relieving them of the provisions of this Order for good cause shown to be determined by the Court, or may, upon reasonable notice, challenge a designation by motion to the Court.  In such instances, the Designating Party shall bear the burden of establishing that the challenged documents, material, information, or things are entitled to protection under this Protective Order.  Until the Court enters an Order changing the designation, such material shall be subject to the restrictions initially assigned to it and provided for it in this Protective Order.  The Parties hereto retain the right to apply to the Court for an order affording additional protection to any material produced herein as the circumstances may warrant.

       11.    **<u>Subpoena by Other Courts or Agencies</u>.** If another court or an administrative agency subpoenas or otherwise orders production of "Confidential" or "Highly Confidential - Attorney's Eyes Only" material, the person to whom the subpoena or other process is directed shall promptly notify the Designating Party of the subpoena or order within three days of receiving such subpoena and provide a complete copy of the subpoena or order to the Designating Party.  Nothing in this agreement is intended to nor shall be construed to direct any person in possession of "Confidential" or "Highly Confidential - Attorney's Eyes Only" material to disobey or violate a valid court or administrative order.

       12.    **<u>Non-Termination</u>.** This Order shall survive the final conclusion of this case and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order. The ultimate disposition of Designated Materials will be determined by a final order of the Court on completion of the litigation.

Notwithstanding any of the foregoing, the Parties' counsel may retain any privileged attorney work product they have created which incorporates Designated Material on the condition

10

Case 3:21-cv-00514-MOC-DSC Document 86 Filed 12/20/22 Page 10 of 14

that they will maintain the confidentiality of such material and will not use such material in contravention of the provisions of this Order.

13. **Modification and Non-Waiver.** Nothing in this Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. The designation or non-designation of information shall not affect the materiality, relevance, or admissibility of any information, except as set forth herein.

**SO ORDERED.**

Signed: December 20, 2022

_____
David S. Cayer
United States Magistrate Judge

**Agreed as to form and substance by:**

By: */s/ Christine A. Rodriguez (with permission)* .
Christine A. Rodriguez
N.C. Bar No. 54143
Law Office of Christine A. Rodriguez
15720 Brixham Hill Avenue, Suite 310
Charlotte, NC 28277
Phone: (704) 981-1767
christine@crodriguezlaw.com

*Attorney for Plaintiffs*

By: */s/ Gary J. Mouw* .
Ronald G. DeWaard (*Admitted Pro Hac Vice*)
Gary J. Mouw (*Admitted Pro Hac Vice*)
Regan A. Gibson (*Admitted Pro Hac Vice*)
Varnum llp
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
rgdewaard@varnumlaw.com
gjmouw@varnumlaw.com
ragibson@varnumlaw.com

*Local Counsel:*
Edward F. Hennesey, IV
N.C. Bar No. 15899
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
(704) 377-2536

*Attorneys for Defendants*

# EXHIBIT A

## Acknowledgement of Protective Order

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **AVADIS AVADIS; TOTAL SOLUTIONS PROPERTY MANAGEMENT, LLC; AA TOTAL SOLUTIONS, LLC,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**SOUHEIL ANTHONY AZAR; JALAL JOHN AZAR; and RON BATES**<br><br>    **Defendants.** | **CASE NO. 3:21-cv-00514-MOC-DSC** |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

    1.    I hereby attest to my understanding that material, information or documents designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" are provided to me subject to the Protective Order ("Order") dated _____, 2022, in the above-captioned litigation (the "Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Acknowledgement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated pursuant to the Order.

    2.    I further agree that I shall not disclose to others, except in accord with the Order, any "Confidential" or " Highly Confidential – Attorney's Eyes Only" material, in any form whatsoever, and that such material and the information contained therein may be used only for the purposes authorized by the Order. I agree that any materials that I create that contain information that has been designated as "Confidential" or " Highly Confidential – Attorney's Eyes Only" is also protected by the Order to the same extent as the original Designated Materials.

1

Case 3:21-cv-00514-MOC-DSC   Document 86   Filed 12/20/22   Page 13 of 14

3. I further agree to return all copies of any Designated Material I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than sixty (60) days after the conclusion of this case.

4. I further agree and attest to my understanding that my obligation to honor the confidentiality of Designated Material will continue even after this case concludes.

5. I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the Court presiding over this action for the purposes of any proceedings relating to enforcement of the Order.

6. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Acknowledgement of Protective Order, regardless of whether the Order has been entered by the Court.

By: _____ [signature]
_____ [printed name]
_____ [title]
_____ [organization/company]

Date: _____